IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTRECE BROOKS, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:22-CV-2223-G-BK |
| | § | |
| FWPD, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous.

**I. BACKGROUND**

On October 6, 2022, Antrece Brooks filed a *pro se* amended complaint against the Fort Worth Police Department. Doc. 5. As best as the Court can glean from the amended complaint, Brooks complains about an allegedly unlawful arrest, detention, and emergency admission to a hospital in Fort Worth, Texas, on August 31, 2022. Doc. 5 at 3-4, 16-17. The amended complaint is nonsensical and the claims irrational. Brooks fails to state a cause of action or allege any coherent facts from which the Court can discern a cognizable cause of action.

Specifically, she avers that she "believes everyone is out to get her" and that she suffers from "severe and abnormal mental, emotional, or physical distress." Doc. 5 at 4. Brooks states in the form of an outline that she is "not aggressive," but received "emergency medication for being aggressive with staff and refusing a safety search" and "hear[s] hallucination [sic] telling

her to go after people before they go after her." Doc. 5 at 5. She further states: (1) "her phone is tapped," (2) Fidelity fraudulently withheld funds from her account, (3) her "taxes were mailed with a stamp that was borrowed," and (4) her aunt "was upset that [she] was not living in a home" and "did not take a bath . . . ." Doc. 5 at 5, 7, 9-10. Brooks seeks one million dollars in punitive damages for humiliation as a result of "being handcuffed like a criminal, feet handcuffed like a criminal, stripped of her clothing, forced delivery of medicine, unnecessary stigma, bruises on her right arm and leg from the unnecessary taser." Doc. 5 at 19.

Despite her numerous listed allegations, however, Brooks fails to present a cognizable federal claim and her factual contentions are both delusional and deficient. As such, this action should be dismissed as frivolous.

**II. ANALYSIS**

The Court takes judicial notice that Brooks was recently granted leave to proceed *in forma pauperis* in a recent case in the Fort Worth Division. *See Brooks v. Fort Worth Police Dep't*, 4:22-CV-671-P (N.D. Tex., Fort Worth Div., Aug. 9, 2022); Civ. Doc. 5. Thus, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides *inter alia* for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious. A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less

stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Brooks has failed to state a cognizable legal claim or anything that can be construed as such. Moreover, she offers no legal authority and, as illustrated here, her factual contentions are clearly baseless and inadequate to support any cognizable claim, and appear irrational and incredible. *See Denton*, 504 U.S. at 33.

In addition, Brooks may not sue a servient political agency or department, such as the Fort Worth Police Department, unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.").

Consequently, Brooks' complaint should be dismissed with prejudice as factually and legally frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed herein Brooks has wholly failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of her complaint, it is highly unlikely that, given the opportunity, Brooks could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, it is recommended that Brooks' complaint be **DISMISSED WITH PREJUDICE** as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on October 25, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).